IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> 2201 C Street NW <br> Washington, D.C. 20520, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 29, 2015, Plaintiff submitted a FOIA request to Defendant, by facsimile and certified mail, seeking access to the following records:

> Any and all Standard Forms 50 (SF-50s) and Standard Forms 52 (SF-52) filed for Catherine (Kate) Duval.

6. Ms. Duval, an attorney employed by Defendant, reportedly heads up Defendant's release of emails of former U.S. Secretary of State Hillary Rodham Clinton, a matter that has been the subject of substantial pubic controversy and substantial public interest. Ms. Duval previously was employed by the Internal Revenue Service, where she reportedly headed up that agency's response to a controversy over the emails of Exempt Organization Director Lois G. Lerner. *See*, *e.g.*, Rachel Bade, "Double trouble? IRS lawyer now heads Clinton email production," *Politico* (June 30, 2015).

7. By letter dated July 9, 2015, Defendant acknowledged receiving Plaintiff's request on June 29, 2015 and advised Plaintiff that the request had been assigned Case Control No. F-2015-11714.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days and to notify Plaintiff immediately of its determinations, the reasons therefor, and the right to appeal any

2

adverse determinations.  Accordingly, Defendant's determination was due by July 28, 2015 at the latest.

    9.    As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

    10.    Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

    11.    Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

    12.    Defendant is violating FOIA by failing to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's request and is unlawfully withholding records responsive to the request.

    13.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

    WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of

exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 20, 2015                                    Respectfully submitted,

                                                                                    */s/ Ramona R. Cocta*
Ramona R. Cocta
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*